**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/17/17

*1 Saint Andrew's Plaza*
*New York, NY 10007*

**MEMO ENDORSED**

August 14, 2017

8/17/17
The Court will follow the process as outlined in Douglas v. United States, No. 09 Civ 9566, 2011 WL 335861 (S.D.N.Y. Jan. 29, 2011)

*[signature: Colleen McMahon]*

**BY ECF**

The Honorable Colleen McMahon, Chief Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Michael Binday*,
           12 Cr. 152 (CM); 17 Civ. 4723 (CM)

Dear Judge McMahon:

The Government respectfully submits this letter in further support of its Letter Motion requesting that the Court (i) issue an Order allowing for prior counsel to discuss the allegations of ineffective assistance raised by the defendant Michael Binday in his 2255 Petition, and respond with affidavits, if necessary; (ii) provide notice to the defendant regarding his waiver of attorney-client privilege, and to require the defendant to provide informed consent as to that waiver if he wishes to proceed; and (iii) for an extension of 60 days for the informed consent to be procured, and for the Government to respond to the motion, with affidavits if necessary. (*See* ECF No. 422). The Government also submits this letter to respond to the defendant's opposition, which objects to all request sought, and further requests that the Court order that any communications between the Government and prior counsel—even on the topics squarely put at issue by Binday in his 2255 Petition—take place only by sworn deposition with present counsel present, so as to allow present counsel to object to questions posed by the Government, and to pose its own questions of prior counsel. (*See* ECF No. 424). Because both Binday's objections to the Government's Motion as well as his request to be present for every communication between the Government and prior counsel are without basis, contrary to the law and practice of this District, and without support from any court in this Circuit, the Government's Motion should be granted and Binday's request should be denied.

To begin, the Government's Motion sought relief in accordance with the principles set forth by this Court in *Douglas v. United States*, No. 09 Civ. 9566 (CM), 2011 WL 335861 (S.D.N.Y. Jan. 28, 2011). In that case, the Court issued guidelines as to how best to proceed in the context of a Section 2255 motion alleging ineffective assistance of counsel. Specifically, it noted that if the Government "believes that attorney testimony *is needed* to for it to respond fully to the motion," the Government should notify the Court, and the Court would then issue an Order noting that the attorney-client waiver had been waived and requiring such an affidavit, but requiring the execution within 60 days of an informed consent document of the defendant

Honorable Colleen McMahon
August 14, 2017
Page 2 of 7

indicating his acknowledgement that if he wishes to proceed, he has provided his informed consent to the waiver of that privilege, and in the alternative, and that the Court would deny the motion. *Id.* at *3-4 (emphasis added).[1] Because the Government in this case could not determine if an affidavit *was needed* to fully respond to the motion, the Government sought the opportunity to discuss the question with prior counsel, and also provide the defendant with the requisite period of time necessary to review and execute the informed consent form. To take one example, the Government does not know whether an affidavit would be either necessary or helpful in disposing of Binday's claims as they relate to his decision not to testify in his defense (*see* 2255 Petition at 22 (asserting that Binday sought to testify on his behalf on the question of intent and materiality but Mr. Abramowitz stated his testimony was unnecessary because "the Government had not proven economic harm")). This is because the Government is not aware of the reasons behind Binday's decision not to take the stand, or the communications between Binday and his counsel on the topic.[2] Thus, in accord with the guidance set forth in *Douglas,* the Government sought relief so as to allow prior counsel the opportunity, to the extent that they deemed necessary and wished to do so, to provide information relating only to the issues raised in the 2255 Petition to the Government, so as to assess whether such an affidavit was either needed, or would prove helpful to the Court in disposing of the claims at hand. The Government further asked for additional time—60 days, consistent with what the Court outlined in the *Douglas* procedure—to allow for the informed consent form to be executed, and for the Government to respond, with affidavits if necessary, to the 2255 Petition.

Binday's counsel both concedes in light of the allegations he has raised that a waiver of the attorney-client privilege has occurred as is necessary to respond to his allegations, and that court-ordered affidavits are appropriate in this context to respond thereto. (*See* ECF No. 424 at 2). Nevertheless, Binday's counsel objects to the opportunity for the Government to have discussions with prior counsel about the issues specifically raised in the 2255 Petition regarding prior counsel's alleged ineffective assistance absent an on-the-record proceeding in the presence of current counsel. (ECF No. 424 at 3). In support, Binday relies upon language in the ABA's Formal Opinion 10-456, and one court decision from the Southern District of West Virginia, to argue that prior counsel's presence during all communications between the Government and former counsel is necessary to properly police former counsel's disclosure of confidential communications that are not necessary to refute the allegations of ineffective assistance. (ECF

---

[1] Of note, this Court required the informed consent form be executed by Douglas, even though Douglas was represented by counsel for purposes of his motion. Accordingly, the Government requests that Binday himself required to execute an informed consent form as well, despite his present counsel's assertion that he "does not dispute that he as waived the attorney-client privilege" regarding the allegations he has raised concerning ineffective assistance of counsel. (ECF No. 424 at 2).

[2] Although they may be entitled to disclose this information under New York State Rule of Professional Responsibility 1.6 even without a Court order, *see discussion infra,* to date, there have been no substantive conversations between the Government or any of Binday's prior counsel regarding any confidences between them and Binday.

2

Honorable Colleen McMahon
August 14, 2017
Page 3 of 7

No. 424 at 2 (citing *Hudson* v. *United States*, No. 10 Civ. 981, 2011 WL 3667602, at *3 (S.D.W. Va. Aug. 22, 2011)). Binday's insistence that no communications occur between prior counsel and the Government as to the substance of the allegations he now raises, absent a formal, on-the-record proceeding in the presence of post-conviction counsel should be rejected for several reasons.

First, putting aside that neither authority upon which Binday relies is binding upon this Court, *see Melo* v. *United States*, 825 F. Supp. 2d 457, 460 n.1 (S.D.N.Y. 2011) (noting, in case where prior defense counsel provided an affidavit without a *Douglas* order, that ABA ethics opinions, including Formal Op. 10-456, are "not binding on this Court," and noting that even if it were binding, the ABA Opinion "does not purport to prohibit an attorney from providing an affidavit to the Government when confronted with an ineffectiveness of counsel claim"); *see also* S.D.N.Y. Local Rules 1.3, 1.5 (referencing only New York State Rules of Professional Conduct as operative authority, and not the ABA Model Rules)[3]; *cf. Douglas*, 2011 WL 335861, at *4, this Court has already rejected argument Binday raises here: that the ABA's Formal Opinion 10-456's use of the term "court-supervised testimony" requires that any disclosures made by prior counsel must occur through on-the-record testimony, such as a deposition as Binday now suggests (ECF No. 424 at 2-3).[4] As this Court recognized in *Douglas*, "[i]t has long been the case that a court may decide a habeas petition without requiring the production of the incarcerated petitioner, 28 U.S.C. § 2255(c), or even the taking of live testimony, 28 U.S.C. § 2246, and the American Bar Association lacks the authority to alter those rules." *Douglas*, 2011 WL 335861, at *4. It is the Government's view that its proposed procedure comports with the rationale set forth by the Court in *Douglas*, including providing a framework through which the court might "supervise" the disclosure of any such confidences as suggested by the ABA. *Cf.*

---

[3] *Hudson* is also readily distinguishable because the Local Rules of the Southern District of West Virginia, unlike those of this Court, require that "attorneys shall conduct themselves in accordance with . . . the Model Rules of Professional Conduct published by the American Bar Association," a point relied upon by the court in *Hudson*. *Compare Hudson*, 2011 WL 3667602, at *1 (quoting S.D.W.Va Local Rule 83.7) *with* S.D.N.Y. Local Rules 1.3, 1.5 (referencing only New York State Rules of Professional Conduct as operative authority).

[4] The other authorities cited by Binday as examples of "procedures for the disclosure of confidential communications through court-supervised testimony," (ECF No. 424 at 2) are similarly of little support. For instance, the procedure adopted in both *Picardi* v. *United States*, No. 15 Civ. 5050 (JLV), 2015 WL 4544485 (D.S.D. July 27, 2015) and *Thompson* v. *United States*, No. 2013 WL 1758755 (D.S.D. Apr. 24, 2013) mirror the *Douglas* procedure in requiring informed consent of the defendant, and neither court adopted the further limitations to prior counsel's communications with the Government that Binday seeks here. Similarly, the court in *Dunlap* v. *United States*, No 09 Cr. 854, 11 Civ. 70082 (RBH) (D.S.C. July 12, 2011) ordered an affidavit in a procedure similar to that in *Douglas*, and in declining the request by defendant for live, on-the-record testimony of prior counsel, noted that the ABA Opinion 10-456 was not binding on the court, and that "other district courts presented with this ABA Opinion have refused to require live, on-the-record testimony by the defendant's former trial counsel." *Id.* at *2 n.4.

3

Case 1:17-cv-04723-CM   Document 11   Filed 08/17/17   Page 4 of 7
Case 1:12-cr-00152-CM   Document 426   Filed 08/14/17   Page 4 of 7

Honorable Colleen McMahon
August 14, 2017
Page 4 of 7

*Douglas*, 2011 WL 335861, at *1 (noting that phrase "court-supervised testimony" in American Bar Association's Formal Opinion 10-456 is "not defined," and that the ABA Opinion "merely draws a distinction between the waiver of privilege and a lawyer's ethical obligations under Model Rule 1.6(a), and promulgates rules for the discharge of the lawyer's ethical obligation"); *see also id.* at *4 ("[T]his court interprets the phrase 'court-supervised testimony' to encompass the procedure outlined in this order."). Indeed, the relief Binday now seeks is precisely the relief that the Court did not order in *Douglas*, despite objections raised by Douglas's new counsel. *See Douglas*, 2011 WL 335861, at *2 (noting that Douglas's 2255 counsel did not consent to prior counsel speaking with the Government).

Second, the Court's adoption of Binday's request would be contrary to the practice of this Court, and courts in this Circuit. New York State Rule of Professional Conduct 1.6 allows a lawyer to "reveal or use confidential information to the extent that *the lawyer reasonably believes necessary* . . . to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct," irrespective of whether it is in connection to specific proceeding. N.Y. State Rules of Prof. Conduct 1.6(b)(5) (emphasis added). Thus, the Rule expressly contemplates reliance on prior counsel, as officers of the Court, to only disclose those confidences necessary to defend themselves against accusations of ineffectiveness. Because it is so allowed under the New York Rules, it has commonly been the practice—both prior to *Douglas*, and after *Douglas*—for prior defense counsel to have communications with the Government about the specific topics for which the attorney-client privilege has been waived by the defendant's filing of his petition, "since it is the prosecutor that assembles the record in opposition to the § 2255 motion," *Douglas*, 2011 WL 335861, at *1, and to have such conversations regarding either an affidavit or testimony outside of the presence of either the pro-se defendant or his new defense counsel. *See, e.g., United States v. Davis*, No. 10 Cr. 1251, 12 Civ. 4575 (WWE); *United States v. Mandell*, No. 09 Cr. 662, 16 Civ. 1186 (PAC); *United States v. Rone*, No. 12 Cr. 480, 15 Civ. 5770 (ER); *United States v. Nunez-Polanco*, No. 11 Cr. 522, 13 Civ. 3263 (SHS); *see also United States v. DiTomasso*, 14 Cr. 160 (VEC) (in context of post-trial motion); *United States v. Wadih el Hage*, No. 98 Cr. 1023, 16 Civ. 3119 (LAK) (prior counsel spoke with Government outside presence of new counsel, and prior counsel spoke with new counsel outside presence of Government, prior to submission of affidavits); *United States v. Sanders*, No. 12 Cr. 574, 15 Civ. 2808 (LAK) (Government preparation of prior counsels' testimony prior to hearing occurred outside of presence of new retained counsel).

Given this background, there is no reason to believe that esteemed prior counsel—with a combined near century of experience practicing before this Court—cannot follow this practice and be relied upon to only disclose those confidences they reasonably "believe[ ] necessary" to defend against the specific allegations raised by Binday, N.Y. State Rules of Prof. Conduct 1.6(b)(5), absent participation by either the Court through live testimony or new counsel through on-the-record proceedings. By contrast, adoption of Binday's suggested procedure would set the precedent that in every habeas proceeding, no conversations could ever occur between prior counsel and the Government in preparation for either an affidavit or a hearing without defendant—pro-se or represented—present and without it being on the record, lest there be some risk that prior counsel would abdicate the requirement of the Rule to limit disclosures to those which she reasonably deems necessary to defend against accusations of misconduct. Such a rule

4

Honorable Colleen McMahon
August 14, 2017
Page 5 of 7

would create enormous burdens upon the resources of the Government and the Court, with little to no attendant benefit. *Cf. Douglas*, 2011 WL 335861, at *4 ("Requiring mandatory production of incarcerated petitioners in § 2255 cases would raise serious issues of cost and security (in that incarcerated defendants would have to be transported from their regular place of incarceration and housed), as well as calendar congestion (which cannot be imposed by professional association fiat).")

Two cases in particular are instructive. First, in *Giordano v. United States*, No. 11 Civ. 9 (MRK), 2011 WL 1831578 (D. Conn. Mar. 17, 2011), Judge Kravitz granted the Government's request to interview Giordano's former counsel in the context of an ineffective assistance of counsel claim raised in a 2255 petition. Citing the fact that, "[i]n 2009, approximately twenty thousand habeas corpus petitions and approximately six thousand § 2255 motions were filed in the federal courts," Judge Kravitz concluded it would be "highly impractical to require federal district court judges in each and every one of those cases to directly supervise every interaction between the Government and the attorney who allegedly provided the ineffective assistance to his former client." *Id.* at *3. Judge Kravitz also declined to require that any conversations between the Government and former counsel be on the record, as Binday so requests here, noting that "[a]s far as this Court is aware, no federal court has ever required that Government counsel's interview with a prisoner's former counsel in the context of an ineffective assistance of counsel claim be on-the-record." *Id.*; *but see Hudson*, 2011 WL 3667602. The Court noted that, in its experience, "attorneys are for the most part very familiar with the process of determining whether specific materials are protected during the course of discovery, and the process of determining whether the privilege has been waived with regard to specific documents and communications with Mr. Giordano and his former counsel should not be much more difficult than the ordinary process," in light of the "very experienced" counsel at hand. *Id.* (noting that prior counsel should return to the Court for clarity "if he has any question at all about the scope of the Government's questioning"). Finally, the court did note that Giordano's "current counsel is certainly entitled to interview [his] former counsel, so long as [his] former counsel is willing to be interviewed." *Id.*

Second, the recent decision by Judge Bates in *United States v. Straker*, No. 06 Cr. 102 (JDB), --- F. Supp. 3d ---, 2017 WL 2937564 (D.D.C. July 10, 2017) also addresses (and rejects) the arguments raised by Binday. The Government there—as it does here—sought an order of the Court finding that the petitioners had waived the attorney-client privilege with respect to the claims raised, and authorizing petitioners' former counsel to disclose certain information to the Government regarding those claims. *Id.* at *1. Judge Bates noted that the ABA Opinion 10-456 was not binding, and in rejecting the conclusion of the ABA Opinion that "[i]t is highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable," the court relied upon the D.C. Rule of Professional Conduct 1.6 and D.C. Ethics Opinion 364,[5] which expressly noted "we do not share

---

[5] D.C. Ethics Opinion 364, entitled "Confidentiality Obligations When Former Client Makes Ineffective Assistance of Counsel Claim," adopts the reasoning of various portions of this Court's decision in *Douglas*.

5

Honorable Colleen McMahon
August 14, 2017
Page 6 of 7

the [ABA] Opinion's view that extrajudicial disclosure rarely will be justifiable." *Id.* at *3 (quoting D.C. Ethics Op. 364 at 9).[6] In declining to prohibit the Government from communicating with former counsel outside the supervision of current counsel, as was sought by the petitioners, Judge Bates noted that "courts in [the D.D.C.]"—like those in this District— "have regularly permitted the government to communicate with former counsel without the need for supervision by the court or current counsel," *id.* (collecting examples), and expressly distinguished *Hudson* and other cases, by finding their reasoning "unpersuasive" and noting the distinction between the West Virginia Rule 1.6 and the ABA Rule with that of D.C. Rule 1.6. *Id.* at *4.

Finally, the defendant objects to any extension of time to respond "[b]arring exceptional personal or professional circumstances." *Id.* at 1-2. An extension of time is warranted, in light of the necessity to allow prior counsel to assess, upon entry of the Court's Order, what disclosures are required to defend against the allegations raised, to discuss these issues with the Government (or with Binday's new counsel) if prior counsel so chooses, to draft and submit any affidavits, and for the Government to respond to the 2255 Petition thereafter. The Government is aware that Mr. Abramowitz and Mr. Fischer had previous conflicts that would have prohibited their ability to make these assessments prior to the August 21 deadline. In light of these steps that must be taken, an extension will best ensure that the Government has adequate time, after prior counsel can make necessary disclosures, to respond in a meaningful and substantive fashion, rather than in a piecemeal submission without the benefit of the underlying relevant facts. Moreover, the 60-day limit is that which the Court itself adopted in *Douglas*, as a reasonable period so as to allow for the procurement of informed consent from the defendant.

In sum, the procedure suggested by the Government would allow for clarity as to whether additional affidavits or testimony by prior counsel as to the issues raised would necessarily help the Court decide the 2255 Petition, and thus the Government pragmatically requested that prior counsel be allowed the opportunity to discuss the issue with the Government, if they so choose,

---

[6] Of note, the text of D.C. Rule of Professional Conduct 1.6 and New York State Rule 1.6 are materially similar, and are both broader than ABA Rule 1.6, which limits the waiver to instances in which formal proceedings have either been instituted or are contemplated. *Compare* D.C. Rule 1.6(e) ("A lawyer may use or reveal client confidences or secrets . . . to the extent reasonably necessary to respond to specific allegations by the client concerning the lawyer's representation of the client") *and* N.Y. Rule 1.6(b)(5) ("A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary . . . to defend the lawyer or the lawyer's employees and associations against an accusation of wrongful conduct.") *with* ABA Rule 1.6(e)(5) ("A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client").

and then provide an affidavit, if necessary. Such an approach conforms with New York State Rule 1.6's requirement that prior counsel should be afforded the opportunity to make such disclosures "to the extent that *the lawyer* reasonably believes necessary." N.Y. State Rules of Prof. Conduct 1.6(b)(5). To the extent, however, that the Court believes affidavits would be an efficient means to dispose of the case, the Government would respectfully request that the Court simply enter the order that it did in *Douglas*, and require former counsel to submit affidavits, without further restricting their ability to communicate with the Government (for preparation of an affidavit, or if necessary, testimony) absent on-the-record proceedings with Binday's new counsel present. Finally, Binday's request that no such communications take place between the Government and prior counsel is inefficient, contrary to the practice in this District in responding to allegations of ineffective assistance, and unnecessary given the "very experienced" prior counsel implicated by Binday's motion. *Giordano v. United States*, 2011 WL 183157 at *3.

For all the above reasons, the Government's Letter Motion should be granted, and Binday's request should be denied.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: _____/s/_____
Eun Young Choi
Assistant United States Attorney
Tel: (212) 637-2187

cc: Defense Counsel (via ECF/email)
Michael Binday, Fort Dix FCI (by certified mail)