USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/17/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Michael Binday,
         *Defendant.*

Michael Binday,
         *Petitioner*

v.

United States of America,
         *Respondent.*

**12 Cr. 152**

**17 Civ. 4723**

**Order re: Attorney-Client Privilege Waiver (Informed Consent)**

McMahon, C.J.:

    WHEREAS Michael Binday has moved for relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel (the "2255 Petition"); and

    WHEREAS the Government, after reviewing the motion papers, has concluded that information from Petitioner's former trial counsel, Elkan Abramowitz and Benjamin Fischer, as well as his former sentencing counsel Andrew J. Frisch (collectively, "Counsel"), is needed in order to allow the Government to respond to the motion, and that affidavits from Counsel may be necessary for the Government to properly respond to the 2255 Petition; and

    WHEREAS the Court, after reviewing the motion papers, is satisfied that information from and the testimony of Counsel may be needed in order to allow the Government to respond to the 2255 Petition; and

    WHEREAS by making the motion, the movant has waived the attorney-client privilege

as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim,

IT IS HEREBY ORDERED that Counsel may discuss the issues raised in the 2255 Petition with the Government and, if necessary and appropriate, give sworn testimony, in the form of an affidavit or otherwise, addressing the allegations of ineffective assistance of counsel made by movant; and it is further

ORDERED that Michael Binday execute and return to this Court within 60 days from the date of this Order the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the Court within 60 days from the date of this Order, the court will deny the 2255 Petition, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion; and it is further

ORDERED that the Government has 60 days from the date of this Order to consult with Counsel, and to prepare a response to the 2255 Petition with affidavits from prior Counsel, if necessary, regarding the issues raised in the 2255 Petition.

Dated: New York, New York
      August 17, 2017

                                                   COLLEEN McMAHON
                                  CHIEF UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| United States of America | |
|---|---|
| v. | 12 Cr. 152 |
| Michael Binday, *Defendant.* | |
| Michael Binday, *Petitioner* | |
| v. | 17 Civ. 4723 |
| United States of America, *Respondent.* | |

## Attorney-Client Privilege Waiver (Informed Consent)

To: Michael Binday

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former trial counsel, Elkan Abramowitz and Benjamin Fischer, of Morvillo Abramowitz Grand Iason & Anello PC ("Morvillo Abramowitz"), as well as your former sentencing counsel, Andrew J. Frisch (referred to in this form as "your former attorneys" or "Counsel"). The court has reviewed your papers and determined that the Government should be afforded the opportunity to speak to your former attorneys about the issues you raise, and that it may need to have a sworn testimonial statement from Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorneys to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to Court Order. The Court has already issued an Order (copy attached) ordering your former attorneys to provide such information and, if necessary, testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis

that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorneys to disclose confidential communications (1) only in response to a Court Order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about their representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorneys to provide information and affidavits, if necessary, in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former lawyers to give information or testimony. If the Court does not receive this form, signed by you and notarized, within that time, the court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated August 17, 2017 and this document entitled Attorney-Client Privilege Waiver (Informed Consent).

I hereby authorize my former attorneys, Elkan Abramowitz, Esq. and Benjamin Fischer, Esq., and the law firm of Morvillo Abramowitz, and Andrew J. Frisch, Esq., to comply with the Court's Order by giving information or testimony, as ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to provide such information or testimony pursuant to Court Order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated:

_____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public